FILED
2:46 pm Mar 28 2023
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEITH ELLIOTT SMITH,** | ) | CASE NO. 4:23 CV 355 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **TRUMBULL CORRECTIONAL** | ) | |
| **INSTITUTION,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Keith Elliott Smith filed this civil rights action under 42 U.S.C. § 1983 against the Trumbull Correctional Institution ("TCI") where he is currently confined. (Doc. No. 1). He seeks $750,000 in damages.

For the reasons that follow, this action is dismissed.

## I. Background

Smith alleges that on November 16, 2022, while working in the "chow hall," another inmate attacked him. He claims that the inmate hit him several times on the head with a metal object and the incident necessitated medical treatment at a local hospital. Smith claims that there was no security officer present, and the officer "remained missing long enough" for the attack to occur. (*Id.* at 4). Smith appears to allege that the attack was a result of the defendant's failure to protect him. (*Id.* at 6).

## II. Standard of Review

Plaintiff has filed a motion to proceed *in forma pauperis* (Doc. No. 2). The motion is granted.

Accordingly, because Plaintiff is proceeding *in forma pauperis*, and is seeking redress from a governmental entity, Plaintiff's complaint is before the Court for initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Under these statutes, the Court is expressly required to review all *in forma pauperis* actions and all complaints in which a prisoner seeks redress from a governmental entity or employee, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under these statutes, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B) and § 1915A). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the constitution by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (citations omitted).

As an initial matter, TCI is not a legal entity capable of being sued under § 1983. *Miles v. Richland Corr. Inst.*, No. 1:14-CV-01648, 2015 U.S. Dist. LEXIS 12722, 2015 WL 366898, at *3 (N.D. Ohio Jan. 27, 2015) (Richland Correctional Institution is not a legal entity capable of being sued under § 1983) (citing *Brown v. Imboden*, 2011 U.S. Dist. LEXIS 94059, 2011 WL 3704952 at * 2 (N.D. Ohio Aug. 23, 2011) (finding that Mansfield Correctional Institution is not *sui juris* and, therefore, not capable of being sued under § 1983)).

Moreover, TCI is part of the Ohio Department of Rehabilitation and Correction ("ODRC"). ODRC is an agency of the State of Ohio and immune from suit pursuant to the

Eleventh Amendment, unless the State of Ohio has waived its sovereign immunity or consented to be sued in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Congress did not intend that § 1983 abrogate the State of Ohio's Eleventh Amendment immunity, and the State of Ohio has not waived that immunity to suit in federal court. *See id.* at 66-67; *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Because Defendant is not *sui juris* and the ODRC is immune from suit, Plaintiff fails to state a plausible § 1983 claim upon which relief can be granted, and this action is dismissed pursuant to §§ 1915(e) and 1915A.

### IV. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**